UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ROBERT TRIANO,

Civil Action No.

Plaintiff,

v.

CITY OF NEW YORK, NEW YORK CITY POLICE OFFICER JENNIFER DESANTO, BADGE # 300, and NEW YORK CITY POLICE OFFICERS JOHN and JANE DOES ## 1-10,

Defendants.
----------------------------------------------------------------------X

**SUMMONS IN A CIVIL ACTION**

**To:**
City of New York
100 Church Street
New York, NY 10007

New York City Police Department Officer Jennifer Desanto, Badge # 300
1 Police Plaza
New York, NY 10038

New York City Police Department Officers John and Jane Does ## 1-10
1 Police Plaza
New York, NY 10038

**A lawsuit has been filed against you. Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.**

**The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:**

Emily Driscoll, Esq.
Greenstein & Pittari, LLP
Attorney for Plaintiff, Robert Triano
1825 Park Avenue
9th Floor
New York, NY 10035

(212) 685-8500

**If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.**

Dated: NEW YORK, NY
June 16, 2026

Emily Driscoll
Greenstein & Pittari, LLP
Attorney for Plaintiff(s)
Robert Triano
1825 Park Avenue
9th Floor
New York, NY 10035
(212) 685-8500
Our File No. 23527

Clerk of Court

UNITED STATES DISTRICT COURT EASTERN DISTRICT
OF NEW YORK
------------------------------------------------------------------------X Civil Action No.:
ROBERT TRIANO,

Plaintiff,

**VERIFIED COMPLAINT**

v.

**JURY TRIAL DEMANDED**

CITY OF NEW YORK, NEW YORK CITY POLICE OFFICER JENNIFER DESANTO, BADGE # 300, and NEW YORK CITY POLICE OFFICERS JOHN and JANE DOES ## 1-10,

**ECF CASE**

Defendants
------------------------------------------------------------------------X

Plaintiff, by his attorneys, **Greenstein & Pittari, LLP**, complaining of the Defendants, respectfully alleges, upon information and belief:

**JURISDICTION AND VENUE**

1. Jurisdiction is founded upon the existence of a Federal Question. This action arises under 42 U.S.C. § 1983, as well as under the Administrative Code of the City of New York.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 because the controversy arises under the U.S. Constitution and 42 U.S.C. § 1983. This Court has authority to award attorney's fees pursuant to 42 U.S.C. § 1988.

3. This Court has supplemental jurisdiction over Plaintiff's claims which arise from New York State and City law pursuant to 28 U.S.C. § 1367(a), as those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, Plaintiff's state law claims, including false arrest, false imprisonment, malicious prosecution, assault, and battery, arise out of the same facts, circumstances, and events as Plaintiff's federal claims under 42 U.S.C. § 1983.

4. Plaintiff has complied with conditions precedent on New York State Claims, including service of a Notice of Claim pursuant to GML §§ 50-e and 50-i.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this complaint happened in this district.

**PRELIMINARY STATEMENT**

6. This is a civil rights action to recover money damages arising from defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. § 1983, and of rights secured by the United States Constitution, and the common law and the laws of the State and City of New York.

7. On January 01, 2025, Plaintiff, Robert Triano, was approached, assaulted, battered, and falsely arrested by New York City Police Officers John and Jane Does #2-10. The events that resulted in Robert Triano's arrest began at or near 85th Street between 16th & 17th Avenue, Brooklyn, New York.

8. Plaintiff, Robert Triano was subject to an unlawful search, detention, false imprisonment and false arrest by the defendant New York City police officers. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully searched, confined, unjustifiably arrested, brutalized, and maliciously prosecuted plaintiff in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

9. Plaintiff brings this action under the First, Fourth, and Fourteenth Amendments—including due process violations arising from an improper cavity search— 42 U.S.C. § 1983, and the New York Civil Rights Law § 37, asserting claims for unlawful seizure, excessive force, malicious prosecution, denial of medical care, failure to intervene, and

municipal liability under *Monell*. These violations reflect not only the individual malice of the officers involved but the City's deliberate indifference to a culture of abuse within the New York City Police Department ("NYPD"). Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, attorney's fees, and full accountability for the NYPD's institutional and supervisory role in perpetuating biased and unconstitutional policing practices.

**PARTIES**

10. At all times herein mentioned, Plaintiff, Robert Triano, was, and still is, a resident of the County of Kings, State of New York.

11. Police Officer Jennifer Desanto, Badge # 300, is and was at all times relevant herein, an officer, employee, and agent of the NYPD.

12. Police Officer Jennifer Desanto, Badge # 300, is being sued in her individual and official capacities.

13. Police Officer John Doe # 1, is and was at all times relevant herein, an officer, employee, and agent of the NYPD. Upon information and belief, John Doe # 1 is a supervisory officer.

14. Police Officer John Doe # 1 is being sued in his individual and official capacities.

15. Police Officer John and Jane Does # 2-10 are and were at all times relevant herein officers, employees, and agents of the NYPD.

16. Police Officers John and Jane Does # 2-10, are being sued in their individual and official capacities.

17. Police Officers City of New York, John and Jane Does #1-10. are, at this time, unknown to Plaintiff by name, and were at all times relevant herein, officers, employees, and agents of the NYPD. John and Jane Does #1-10. are being sued in their individual and official

capacities; Plaintiff will substitute officers named by pseudonym with officer names and any relevant identifying information upon discovery of such.

18. As to any state causes of action herein claimed, at least thirty (30) days have elapsed since the service of the claim prior to the commencement of this action and adjustment of payment thereof has been neglected or refused, and this action has been commenced within one year and ninety (90) days after the happening of the event upon which the claims are based.

**STATEMENT OF FACTS**

19. On or about January 1, 2025, the Plaintiff, Robert Triano, was approached, assaulted, battered, and falsely arrested by Police Officers employed by Defendant CITY OF NEW YORK, including inter alia Defendants City of New York, City of New York, John Doe Sergeant # 1, Defendants John and Jane Does #2-10. The events that led to Robert Triano's arrest began at or near 85th Street, between 16th & 17th Avenues, in Brooklyn, New York.

20. That the Plaintiff, Robert Triano, was arrested while lawfully present at the aforesaid location, despite the fact that the Plaintiff had committed no crime, and despite the fact that Defendants, City of New York, City of New York, John Doe # 1, believed to be a sergeant or superior officer, and John and Jane Does #2-10 did not have probable cause to arrest the Plaintiff.

21. At approximately that time, Plaintiff was the victim of an attack by unknown individuals. Plaintiff was injured and was on the ground, positioned between a parked car and a Sprinter van.

22. Approximately ten minutes after the attack, officers of the New York City Police Department arrived on the scene in unmarked vehicles.

23. Multiple police vehicles responded containing multiple New York City Police Officers.
24. When the police arrived, Plaintiff remained on the ground. The officers did not explain why they were present, did not advise Plaintiff of any suspicion of wrongdoing, and did not meaningfully communicate with him despite Plaintiff repeatedly asking what was happening.
25. The officers were yelling and screaming upon arrival. Plaintiff does not recall being spoken to directly by the officers in any substantive manner.
26. The officers conducted a pat-down search of Plaintiff. Plaintiff did not have any weapons, contraband, or illegal items on his person.
27. The officers did not recover any weapon from Plaintiff, did not claim to have observed a weapon, and did not articulate any basis for believing Plaintiff was armed.
28. The officers did not ask Plaintiff to identify himself and did not request identification prior to restraining him.
29. After the pat-down search, Plaintiff was handcuffed.
30. Plaintiff was informed that he was under arrest but was not told the reason for the arrest or the charges against him.
31. Plaintiff was transported by police vehicle to the 66th Precinct in Brooklyn, a drive of less than ten minutes. During transport, the officers did not speak with Plaintiff.
32. Upon arrival at the 66th Precinct, Plaintiff was held for approximately ten to fifteen minutes.
33. Thereafter, John Doe # 1, believed to be a desk sergeant or superior officer, described as an older male officer, conducted a cavity search of Plaintiff in an obscene, intrusive, aggressive, and humiliating manner.

34. The desk sergeant did not explain the reason for the cavity search, did not obtain Plaintiff's consent, and did not articulate any lawful basis for such an intrusive search.

35. The cavity search was degrading, humiliating, and traumatizing to Plaintiff.

36. Surveillance cameras were present in and around the area where the arrest and detention occurred.

37. Following the cavity search, Plaintiff was placed in a holding cell. Plaintiff was visibly upset and distressed.

38. Plaintiff was informed by police that he was being charged with multiple offenses related to weapon possession and unlicensed operation of a motor vehicle, despite the fact that Plaintiff had not been operating a vehicle, was not in a vehicle, and did not possess a weapon.

39. Approximately ten hours after his arrest, Plaintiff was transported to Central Booking.

40. At Central Booking, Plaintiff was photographed and searched again. Plaintiff had no substantive interactions or conversations with police officers at that time.

41. Plaintiff did not request additional phone calls while at Central Booking.

42. Plaintiff met with an attorney from a Public Defender's Office prior to arraignment.

43. Approximately thirty minutes to one hour after meeting with counsel, Plaintiff was arraigned before a judge.

44. At arraignment, Plaintiff was released on his own recognizance and instructed to return to court on a future date.

45. Plaintiff remained incarcerated for approximately thirty hours in total.

46. After his release, Plaintiff returned to the 66th Precinct to retrieve his property.

47. Plaintiff was returned his keys and phone, along with additional items that did not belong to him, which he left behind at the precinct.

48. On or about April 25, 2025, all charges against Plaintiff were dismissed.

49. Plaintiff was not required to appear in court on the date of dismissal.

50. Defendant Officer Jennifer DeSanto was one of the officers involved in Plaintiff's arrest.

51. The remaining officers involved in the arrest, search, detention, and prosecution of Plaintiff are presently unknown to Plaintiff and are sued herein as John and Jane Does #1–10.

52. Plaintiff has never spoken again with John Doe # 1, the officer who conducted the cavity search.

53. As a result of Defendants' actions, Plaintiff suffered loss of liberty, emotional distress, humiliation, and other damages.

**FIRST CAUSE OF ACTION**
**FALSE ARREST**
*Federal*

54. Plaintiff, Robert Triano, repeats, reiterates, and re-alleges all of the allegations contained herein with full force and effect as though set forth at length herein.

55. The Individual Defendants, acting under color of state law, unlawfully seized and arrested Plaintiff without probable cause, in violation of the Fourth and Fourteenth Amendments.

56. Plaintiff had committed no crime, was the victim of an assault, and posed no threat to officers or others.

57. The individually named police officer defendants while acting in concert and within the scope of their authority, caused plaintiff to be unlawfully seized, unlawfully searched, and falsely arrested, without probable cause in violation of plaintiffs right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States

and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

58. As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York and the United States Constitution.

59. As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to loss of liberty, emotional, and psychological injuries.

**SECOND CAUSE OF ACTION**
**FALSE IMPRISONMENT**
*Federal*

60. The Plaintiff, Robert Triano, repeats, reiterates and realleges all of the allegations contained herein with full force and effect as though set forth at length herein.

61. The Individual Defendants intentionally confined Plaintiff without his consent and without legal justification

62. The Individual Defendants intentionally confined Plaintiff without his consent and without legal justification while acting under the color of law.

63. Following his unlawful arrest, Plaintiff was detained, transported to the precinct, subjected to an invasive, improper, and humiliating cavity search, held in a holding cell, and confined for approximately thirty hours before being released.

64. At all times during this period of confinement, Defendants lacked probable cause or any lawful basis to detain Plaintiff.

65. laintiff was aware of and did not consent to this confinement.

66. The continued detention of Plaintiff, including his prolonged confinement and processing through Central Booking, constituted an unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

67. As a direct and proximate result of Defendants' actions, Plaintiff suffered loss of liberty, humiliation, emotional distress, and other damages.

**THIRD CAUSE OF ACTION**
**MALICIOUS PROSECUTION**
*Federal*

68. The Plaintiff, Robert Triano, repeats, reiterates, and realleges all of the allegations contained herein as it set forth at length herein.

69. The Individual Defendants initiated and continued criminal proceedings against Plaintiff without probable cause and with actual malice.

70. The Individual Defendants were at all relevant times state actors and persons acting under color of state law within the meaning of 42 U.S.C. § 1983 because they are commissioned by the City of New York to exercise police powers.

71. The Individual Defendants, while acting in an investigating capacity, fabricated evidence of a material nature likely to influence a jury's decision, intentionally provided fabricated evidence to prosecutors, and as a result, Plaintiff suffered a number of injuries set forth herein, including deprivation of his liberty.

72. In committing the acts alleged herein, each of the Individual Defendants were members and agents of the NYPD, acting at all relevant times within the scope of their employment. The Defendant City of New York is accordingly liable as principal for all torts in violation of state law committed by its agents.

73. Statements made by the Individual Defendants to justify the charges against Plaintiff were made with the knowledge that those statements were false. The Individual Defendants acted intentionally with malice and knowing disregard for Plaintiff's constitutional rights.

74. The Individual Defendants pressed charges against Plaintiff, while knowing the charges

were baseless and lacked probable cause. The proceedings were subsequently terminated in Plaintiff's favor, in a manner indicative of innocence.

75. The proceedings terminated in Plaintiff's favor on or about April 25, 2025.

76. As a result, Plaintiff suffered deprivation of liberty and damages. Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, including a loss of liberty, and of damages, including pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to relief.

**FOURTH CAUSE OF ACTION**
**MALICIOUS PROSECUTION**
*State*

77. The Plaintiff, Robert Triano, repeats, reiterates, and realleges all of the allegations contained herein as it set forth at length herein.

78. The Individual Defendants initiated and continued a criminal proceeding against Plaintiff without probable cause and with actual malice.

79. Defendants initiated and continued criminal proceedings against Plaintiff without probable cause and with malice.

80. Defendants fabricated allegations and forwarded false information to prosecutors.

81. The proceedings terminated in Plaintiff's favor on or about April 25, 2025.

82. The City of New York is liable under *respondeat superior*.

83. As a result, Plaintiff suffered deprivation of liberty and damages. Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, including a loss of liberty, and of damages, including pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above.

Accordingly, Plaintiff is entitled to relief.

**FIFTH CAUSE OF ACTION**
**UNLAWFUL SEARCH**
*Federal*

84. The Plaintiff, Robert Triano, repeats, reiterates, and realleges all of the allegations contained herein as set forth at length herein.
85. The Individual Defendants subjected Plaintiff to excessive force and an unreasonable and unlawful search, including an invasive body cavity search, in violation of the Fourth Amendment.
86. The cavity search was conducted without a warrant, without probable cause, without exigent circumstances, and without Plaintiff's consent.
87. The search was conducted in an abusive, degrading, and humiliating manner.
88. Such conduct was objectively unreasonable and violated clearly established law.
89. As a result, Plaintiff suffered loss of liberty, physical pain, humiliation, and severe emotional distress. Defendants were the direct and proximate cause of Plaintiff's suffering.

**SIXTH CAUSE OF ACTION**
**EXCESSIVE FORCE**
*Federal*

90. The Plaintiff, Robert Triano, repeats, reiterates, and realleges all of the allegations contained herein as if set forth at length
91. The Fourth Amendment to the United States Constitution, as incorporated against the states through the Fourteenth Amendment, prohibits the use of excessive and unreasonable force by law enforcement officers in the course of an arrest, investigatory stop, or other seizure.
92. The force used against Plaintiff was excessive, objectively unreasonable under the circumstances, and was applied without lawful justification, necessity, or proportionality.

At no point did Plaintiff threaten officers, resist arrest, or pose any danger to their safety.

93. Officers here violated NYPD Patrol Guide procedures on strip searches and cavity searches and other procedures within the Patrol Guide.

94. Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, and of damages including loss of liberty, bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO INTERVENE**
*Federal*

95. The Plaintiff, Robert Triano, repeats, reiterates, and realleges all of the allegations contained herein as set forth at length herein.

96. Law enforcement officers and supervisory officials have a clearly established constitutional duty under the Fourth and Fourteenth Amendments to intervene when they observe or are informed of another officer engaging in excessive force, unlawful seizure, unlawful search, or denial of medical care, especially where they have the authority to prevent or mitigate such violations.

97. During the events set forth in this Complaint and to the extent they did not participate in the false arrest or abuse of Plaintiff, the Individual Defendants stood by during the false arrest and deprivation of Plaintiff's constitutional and state law rights and did not intervene to prevent those violations despite having the opportunity and duty to do so.

98. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

99. Defendants failed to intervene to prevent the unlawful conduct described herein.

Defendants acted intentionally with malice and knowing disregard for Plaintiff's constitutional rights.

100. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

101. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York and the United States Constitution.

102. Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, and of damages including loss of liberty, bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

**EIGHTH CAUSE OF ACTION**
**DELIBERATE INDIFFERENCE TO MEDICAL NEEDS**
*Federal*

103. The Plaintiff, Robert Triano, repeats, reiterates, and realleges all of the allegations contained herein as if set forth at length herein.

104. Plaintiff had obvious injuries when he was arrested, and further injuries after his assault by New York City Police Officer John Doe # 1.

105. Defendants were aware of Plaintiff's condition and consciously disregarded his need for medical care.

106. The Fourteenth Amendment to the United States Constitution, as applied to individuals in pretrial detention, guarantees the right to adequate medical care while in the custody of law enforcement officials.

107. Plaintiff sustained serious injuries, injuries that were immediately apparent to all

Defendants present at the scene, central bookings, and at the precincts, as Plaintiff notified them of such injuries.

108. The arrest and excessive force inflicted on Plaintiff were undertaken to punish and silence him for asserting his legal rights and were not justified by any legitimate law enforcement interest.

109. As a direct and proximate result of this retaliation, Plaintiff suffered a violation of his constitutional rights, along with physical injury, emotional distress, intimidation, and psychological trauma.

110. In addition to his physical trauma, Plaintiff continues to experience profound emotional distress, humiliation, and psychological trauma, all stemming from this egregious violation of his civil rights and abusive conduct of NYPD personnel.

111. Defendant(s) John and Jane Doe, (a) supervisory officer(s), and had the authority, legal obligation, and opportunity to correct the constitutional violations but acted with deliberate indifference, thereby ratifying the conduct of their subordinates.

112. The NYPD's treatment of Plaintiff is consistent with broader patterns documented in oversight reports, which show persistent failures of supervisory accountability.

113. As a direct and proximate result of the actions and omissions of the Defendants, Plaintiff suffered a violation of his constitutional rights under the Equal Protection Clause, as well as physical injuries, emotional distress, reputational harm, and other compensable damages.

**NINTH CAUSE OF ACTION**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**
*Monell*

114. The Plaintiff, Robert Triano, repeats, reiterates, and realleges all of the allegations contained herein as if set forth at length herein.

115. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of defendant City of New York, which is forbidden by the Constitution of the United States.

116. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the NYPD included, but were not limited to, illegally stopping, questioning, searching, and arresting individuals without a specific, articulable factual basis supporting a reasonable suspicion and probable cause to believe the individual secreted contraband, evidence, or has a weapon on their person, as well as inadequate screening, hiring, retaining, training, and supervising its employees with respect to this issue.

117. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the NYPD were the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of defendant City of New York and the NYPD to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

118. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the NYPD were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

119. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

120. As a result of the foregoing customs, policies, usages, practices, procedures and rules

of the City of New York and the NYPD, plaintiff was unlawfully stopped, questioned, searched and arrested.

121. Defendants collectively and individually, while acting under color of state law were directly and actively involved in violating plaintiff's constitutional rights.

122. Despite the presence of multiple NYPD officers, including supervisors, no one intervened to stop the use of excessive force, improper search, malicious prosecution, or the unlawful arrest. The complete failure of any officer to report or prevent misconduct reflects a deeply entrenched culture of impunity within the NYPD. This coordinated inaction and collective silence violated Plaintiff's rights under the Fourth and Fourteenth Amendments and New York City Human Rights Law, and it supports claims for individual, supervisory, and municipal liability under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*.

**JURY DEMAND**

123. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff Robert Triano demands judgment against the defendants As follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs; and

iv. directing such other and further relief as the Court may deem just and proper,

together with attorneys' fees, interest, costs, and disbursements of this action.

DATED: New York, NY
June 16, 2026

Yours, etc.



Emily Driscoll
Greenstein & Pittari, LLP
Attorney for Plaintiff(s)
Robert Triano
1825 Park Avenue
9th Floor
New York, NY 10035
(212) 685-8500

**ATTORNEY'S VERIFICATION**

EMILY DRISCOLL, an attorney duly admitted to practice before the Eastern District of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at **GREENSTEIN & PITTARI, LLP,** attorneys of record for Plaintiff, Robert Triano. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED: New York, NY
June 16, 2026

/ ______________________
EMILY DRISCOLL